UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| SADIE DIANE WILSON f/k/a WILLIAM CALHOUN WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC., and BROOKDALE SENIOR LIVING, INC. d/b/a WELLINGTON PLACE AT FORT WALTON BEACH,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br>3:11-CV-00201-RS-EMT |

## CONSENT PROTECTIVE ORDER

The parties have consented through their respective counsel for the entry of this Consent Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery.

**IT IS ORDERED:**

1. This Consent Protective Order shall govern all documents and testimony produced by the parties in this action that are designated as confidential. Furthermore, this Consent Protective Order shall govern all information derived from such documents and testimony, as well as all copies, excerpts, or summaries thereof.

2. The purpose of this Consent Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Consent Protective Order shall include: (a) all information and documents produced by Defendants in this litigation that refer to, reflect upon, or relate to (i) any current or former employee of Defendants other than Plaintiff, including, but not limited to, documents contained in such employees' personnel files, or (ii) trade secrets or other confidential proprietary technical,

business, or financial information of Defendants which is not generally known to the public; and (b) any other documents or testimony which a party in good faith designates as "confidential." The information and documents protected by this Consent Protective Order shall be referred to as "confidential materials." These restrictions regarding disclosure of confidential materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents which may be prepared in connection with this litigation which contain or refer to the materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the confidential materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4. Such confidential materials shall be used **solely** for the purpose of this action. Furthermore, confidential materials shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

   a. Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above entitled action;

   b. The parties in the above-styled action;

   c. The Court and persons employed by the Court working on this litigation;

   d. Court reporters at the proceedings in this action;

   e. Experts or consultants retained or consulted by the parties in connection with this litigation, but only as set out in Paragraph 5 below; and

        f.      Deponents, trial witnesses, and potential witnesses in connection with this litigation, but only as set out in Paragraph 5 below.

    5.      Prior to making the disclosure of any confidential materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Consent Protective Order. Additionally, those persons shall state their consent in writing (in the form of an Acknowledgment attached to this Order as Exhibit A) to be bound by the terms of this Consent Protective Order. The signed Acknowledgment forms will be mailed by counsel to opposing counsel immediately upon execution.

    6.      In the event that any confidential materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits under seal. Those transcripts, exhibits, and the information contained in them shall remain protected under this Consent Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

    7.      This Consent Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

    8.      Upon request by the producing party, within ninety days of the conclusion of this case as to all parties, confidential materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event

counsel possesses attorney work-product containing or referring to confidential materials, such attorney work-product shall remain subject to the restrictions set forth in Paragraph 4 of this Order or, in the alternative, may be destroyed.

9. Nothing in this Consent Protective Order shall prevent a party from any use of its own confidential materials. Moreover, nothing in this Consent Protective Order shall limit the right of the parties to use confidential materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits, or other documents which may be prepared in connection with this litigation. In the event any of the confidential materials are included in any paper filed with the Court, that paper shall be filed under seal, except as otherwise provided by the Court, or as otherwise agreed to by the parties.

10. The inadvertent or unintentional disclosure of any confidential materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential material disclosed or as to other related information.

11. Any party may apply to the Court for relief from this Consent Protective Order. The party seeking relief from this Consent Protective Order shall specify which information designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

12. Before seeking relief from the Court due to an alleged violation of this Consent Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

13. The terms of this Consent Protective Order are subject to modification, extension, or limitation as may be subsequently agreed to by all parties, or by order of the Court.

**ORDERED** this 20th day of September, 2011.

/S/ Richard Smoak
**Richard Smoak**
**United States District Judge**

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| SADIE DIANE WILSON f/k/a WILLIAM CALHOUN WILSON,    )<br>    )<br>    Plaintiff,    )<br>    )<br>vs.    )<br>    )<br>BROOKDALE SENIOR LIVING    )<br>COMMUNITIES, INC., and BROOKDALE )<br>SENIOR LIVING, INC. d/b/a    )<br>WELLINGTON PLACE AT FORT    )<br>WALTON BEACH,    )<br>    )<br>    Defendants.    )<br>    ) | CIVIL ACTION FILE NO:<br>3:11-CV-00201-RS-EMT |

**ACKNOWLEDGEMENT**

I, _____, hereby acknowledge that I have read the Consent Protective Order entered in connection with the above-captioned action and am familiar with its terms.

I further acknowledge that I fully understand the provisions of the Consent Protective Order, agree to be bound by those provisions, and have been apprised of the possible penalties attendant upon a violation of any of those provisions, including, but not limited to, being held in contempt.


By: _____


Date:_____

1655v.1